Theresa G. Gore, Administratrix, Defendant in Error,
v. Charles Henrotin, Receiver of Chicago Electric
Traction Company, Plaintiff in Error.

Gen. No. 15,895.

1. RELEASE—effect of, to one joint tort-feasor. A release to one
of several joint tort-feasors is a release to all, and an accord and
satisfaction with one of them is a bar to an action against the
others.

2. CONTRACTS—when parol evidence competent to vary. The
rule that parol evidence is incompetent to vary the terms of a
written contract does not apply as against one not a party to the
contract in question or privy thereto; in this case, held, that where
a contract was on its face one apparently containing a covenant
not to sue one joint tort-feasor, that it was competent for another
joint tort-feasor to show that such contract was actually one of
release.

Action in case for death caused by alleged wrongful act. Error
to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL,
Judge, presiding. Heard in the Branch Appellate Court at the
October term, 1909. Reversed and remanded. Opinion filed Oc-
tober 25, 1911.

Statement by the Court. This writ of error was
sued out to reverse a judgment of $2,800 in favor of
defendant in error and against plaintiff in error, for
wrongfully causing the death of her husband, George
E. Gore. At the time he was killed Gore was a pas-
senger on the car of defendant, which car was run into
by a train of the Grand Trunk Western Railway Com-
pany. The evidence of the defendant in error clearly
proved that the car of plaintiff in error was negligently
driven on to the railroad tracks of said railway com-
pany in front of a fast moving train, and that the train
could have been easily seen approaching for one mile
or more, had the conductor or motorman looked up the
tracks, there being no obstructions to their views.

The declaration of seven counts charged, in sub-
stance, that the plaintiff in error and the Grand Trunk

Western Railway Company owned and operated respectively a street car line and a railroad which cross each other at Western avenue in the Town of Thornton; that the deceased was riding as a passenger at the time of his injury upon a street car operated by the plaintiff in error, and that, while Gore was exercising due care for his safety, the plaintiff in error so negligently ran and operated said street car that it collided with a train of cars running on the Grand Trunk Western Railway (also a defendant in said suit), and as a result thereof said George E. Gore was thrown from said street car and killed.

On stipulation of defendant in error and Grand Trunk Western Railway Company, the suit was dismissed as to the latter. The only defense sought to be made by plaintiff in error in the lower court was that the defendant in error had by contract released the defendant, Grand Trunk Western Railway Company, and, as a legal result thereof, the plaintiff in error was released and discharged.

MAYER, MEYER, AUSTRIAN & PLATT, for plaintiff in error.

EDWARD J. GREEN and CHARLES C. SPENCER, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The principal error insisted on by plaintiff in error as a ground of reversing the judgment of the lower court, is the refusal of the court to permit him to prove by the defendant in error, Mrs. Gore, whom he called as a witness, the conversations and transactions of herself and the Grand Trunk Western Railway Company leading up to the contracts that resulted in the dismissal of the suit as to that Company. He insists that he had a right to prove by her, if he could do so, that she had accepted $2,800 of the said railway company,

or had agreed to do so, in full settlement of her claim for damages against it, and had released that company of all claims against it, although the agreements of herself and said company purported to be in writing. In other words, he claims that, as he is neither party nor privy to said contracts, he had a right to introduce oral evidence to prove that the actual contracts were different from the written contracts, or that they did not contain all the contracts made between the parties, and that the railway company was released by her, if such were the facts. The law is well settled that a release to one of several joint tort feasors is a release to all, and an accord and satisfaction with one of them is a bar to an action against the others. C. & A. Ry. Co. v. Averill, 127 Ill. App. 275, affirmed in 224 Ill. 516; City of Chicago v. Babcock, 143 Ill. 358.

Both of the cases above cited are cases in which joint tort feasors were sued, and a written contract with a covenant not to sue was signed by each plaintiff respectively and delivered to one of the joint tort feasors. Oral evidence was introduced in each case by the other parties to the suit to prove what the actual contracts were, notwithstanding the contracts between the parties thereto were in writing. But the question of the admissibility of such evidence was not raised in either case. The exact question involved here was raised in the case of O'Shea v. New York C. & St. L. R. R. Co., 105 Fed. 559; and it was held in that case that either the plaintiff or the contesting defendant may contradict the written contract by parol evidence. We think that the O'Shea case states the correct rule of law, and that there is no such privity between joint tort feasors because both are sued in the same suit or both liable for the same injury, as to conclude the defendant who is not a party to the contract, or the plaintiff, by the express terms of the written contract, and that either plaintiff or such defendant may contradict it by parol evidence.

The general rule is that parol evidence cannot be

introduced to vary or contradict the express terms of a written contract in suits between the parties to the instrument. "It cannot affect third persons, who, if it were otherwise, might be prejudiced by things recited in the writings, contrary to the truth, through the ignorance, carelessness, or fraud of the parties; and who, therefore, ought not to be precluded from proving the truth, however contradictory to the written statements of others." 1 Greenleaf on Ev., sec. 279; The W. & M. Mfg. Co. v. The C. G. W. F. Co., 109 Ill. 71.

In the cases of McMaster v. Pres., etc., Ins. Co. of N. Am., 55 N. Y. (10 Sickels) 222, and Lowell Mfg. Co. v. Safeguard F. Ins. Co., 88 N. Y (43 Sickels) 591, it is held that this rule is applicable in determining the question of whether or not other insurance policies covered the property damaged and were liable to contribute to the loss.

One of the written contracts in question was introduced in evidence and signed by the defendant in error, and provides as follows:

"In consideration of the payment of the sum of Twenty-eight Hundred Dollars by the Grand Trunk Western Railway Company, it is hereby agreed that no action shall be begun against the said Grand Trunk Western Railway Company by reason of any matters existing at this date, by the undersigned.

"It is expressly agreed and understood that this contract shall not be held or constituted to be a release of any damages or right of action arising to the undersigned by reason of any matters at this date existing. Chicago, March 1, 1909."

The other written contract was dated March 3, 1909, and provides thus:

"It is hereby agreed by and between the attorneys for the plaintiff and for the defendant, Grand Trunk Western Railway Company, that the above entitled cause (this suit) may be dismissed as to the Grand Trunk Western Railway Company without costs."

It is clear that the written contracts did not con-

stitute a release as to the railway company. The legal effect of them was simply a covenant not to sue and to dismiss the suit then pending as to the railway company. Neither could they have the effect to release or discharge the plaintiff in error.] C. & A. Ry. Co. v. Averill, 224 Ill. 516. There was no evidence introduced showing or tending to show a release by defendant in error to either party defendant in the suit below, and no evidence showing or tending to show an accord and satisfaction. It was not error for the court, therefore, to refuse to give plaintiff in error's instructions bearing on those questions. The plaintiff in error, however, was not bound by the written contracts; and under the law had a right to prove, if he could do so, that the written contracts did not express the contracts actually made, or that they did not express all of the contracts made by the defendant in error and the railway company.

The court denied the plaintiff in error that right, holding that the writings were the best evidence of the contracts, and in doing so committed reversible error. It is true that some of the questions were objected to as calling for mere conclusions of the witness as to whether or not she had released and discharged the railway company, and that those objections were properly sustained for that reason. However, proper questions bearing on those propositions were asked by plaintiff in error's counsel, and were specifically objected to by opposite counsel, because the contracts were in writing and the best evidence, and were sustained by the court on that ground, the plaintiff in error protesting that he was not bound thereby and had a right to show that the actual contract was different from the writings. The following are a few of those questions that the court would not allow to be answered on objections by defendant in error's counsel, to wit:

Q. "What, if any, transaction have you had with the Grand Trunk Western Railway Company with ref-

erence to a settlement of this claim involved in this suit?"

"Did you have any talk with the Grand Trunk Western Railway Company, its officers or agents, with reference to the payment by it to you of the sum of $2,800?"

"Did you have any talk with them or either of them with reference to a settlement and release of the Grand Trunk Western Railway Company?"

It is argued that plaintiff in error's counsel did not offer to prove any specific fact by the witness, or tell the court what he expected to prove by the witness; and that, therefore, this court cannot tell whether or not harmful error has been committed by the court in its rulings, as we cannot tell what plaintiff in error expected to prove. We think it clearly appears from the examination of the witness, and the statements of court and counsel, that the object of the evidence and the character of evidence sought to be elicited was well understood by the court, and that the court's ruling was also clearly understood to be that he would allow no evidence tending to show that the written contracts did not speak the truth and the whole truth. The court closed the examination by saying to counsel for plaintiff in error: "I think you have covered every possible feature of the case. There is no use of trying to conjure up questions. The questions have been passed upon." And the reason given by the court for his rulings was that the written contracts were the best evidence, etc.

It is also argued by defendant in error that the witness testified that her contract was in writing, and that it was the only contract she made. She did not so testify. She merely testified that her contract was in writing and identified it. She did not say it was the only contract she made with the railway company, and that it expressed the whole contract. She also testified that she had no understanding by which she was to receive any further sum than the $2,800. This was

not enough. All the facts should have been allowed in evidence, so that it might have appeared thereby whether or not there was any other contract made by her with the railway company.

The defendant in error could only recover the actual damages sustained by her, less the damages paid to her by the railway company. It is, therefore, not error for defendant in error to introduce the written contract with the railway company, if limited for the sole purpose of proving the amount of her damages received by her, provided it be properly guarded by instructions in case there should be a conflict in the evidence bearing on her right to recover in the suit. There was no such conflict in the court below, and, therefore, plaintiff in error under that condition of the evidence could not be prejudiced by the introduction of the written contract.

For the error indicated, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*