(No. 24637.—■■■■)

The People of the State of Illinois, Defendant in Error, *vs.* Rufus Roach, Plaintiff in Error.

*Opinion filed June 21, 1938.*

Benjamin C. Bachrach, and John Branion, (Walter Bachrach, and Arthur Magid, of counsel,) for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Blair L. Varnes, and Melvin S. Rembe, of counsel,) for the People.

Mr. Chief Justice Shaw delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county, together with John Harrison, for robbery while armed. He was found guilty by a jury and sentenced

to imprisonment for a period of from one year to life, and prosecutes this writ of error to secure a reversal of the judgment.

The only evidence in the record which connects the plaintiff in error with the robbery consists of two statements, one made by him to the police after his arrest, and the other a joint statement made by him and Harrison several days later. The joint statement of Harrison and Roach was read to the jury by a police officer over objections that a proper foundation had not been laid. The individual statement of the plaintiff in error was introduced in evidence, on rebuttal, over objections that it was involuntary, having been obtained by fraud and duress. No hearing was had by the court out of the presence of the jury for the purpose of determining whether or not either of these statements was voluntary.

We have held that a confession to which no objection is made is properly admitted in evidence without the introduction of preliminary proof, (*People* v. *Costello,* 320 Ill. 79,) but that if an objection is made it is the duty of the court to hear such evidence as the parties may present as to the circumstances under which the confession was made. This hearing is out of the presence of the jury and is for the purpose of determining whether or not the statement was voluntarily made, or if it was procured by the pressure of fear or other undue means used for the purpose of producing such confession. (*People* v. *Frugoli,* 334 Ill. 324; *People* v. *Sweeney,* 304 id. 502.) Upon such a hearing the burden is on the People to show that it was voluntarily made. (*People* v. *Basile,* 356 Ill. 171.) It was the duty of the court, after the objection to the statements of the plaintiff in error, to hear evidence, out of the presence of the jury, relative to their admissibility. While the jury may consider the circumstances under which a confession was made in order to determine the credit to be given to it, (*People* v. *Gukouski,* 250 Ill. 231; *Zuckerman* v. *People,*

213 id. 114;) on elementary principles defining the functions of the judge and jury the question of the competency of a confession must not be submitted to the jury. *People v. Fox,* 319 Ill. 606.

It will be unnecessary to consider any other errors that are urged and, since the case must be tried again, we will not comment on the evidence.

For the errors indicated in the foregoing opinion, the judgment of the criminal court of Cook county is reversed and the cause is remanded to that court.

*Reversed and remanded.*