(No. 33180.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS FREDERICK SCHWARTZ, Plaintiff in Error.

*Opinion filed September 23, 1954.*

GERALD T. WILEY, of Chicago, (CHARLES D. SNEWIND, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The grand jury of Cook County for the January term, 1952, returned four indictments against the plaintiff in error, Thomas Frederick Schwartz, hereinafter referred to as defendant, then 16 years of age, charging him with burglary, assault with intent to commit murder, robbery and rape. He entered pleas of guilty to the first three-named offenses and was sentenced, respectively, to terms of twenty years, ten to fourteen years, and ten years to life. He pleaded not guilty to the charge of rape, waived jury trial, was tried and convicted by the court and sentenced to seventy-five years' imprisonment. All sentences were ordered to run concurrently.

Defendant comes to this court by writ of error to review only his trial, conviction and sentence on the rape charge.

Since this conviction must be reversed and the cause remanded for a new trial, we refrain from reciting and commenting upon the evidence or alleged errors which we assume will not recur in a new trial, and shall confine this opinion to the specific prejudicial and reversible error.

The State introduced into evidence at defendant's trial before the court a written statement, consisting of questions asked by an assistant State's Attorney and answers given by the defendant. This statement was taken in the police station, while defendant was in custody, in the presence of the assistant State's Attorney, four police officers, a probation officer and a shorthand reporter. The only proof offered by the State in regard to this statement was one question directed to the complaining witness and her answer: Question—"Were you present at the time that I asked the defendant certain questions?" Answer—"Well there was some questions but I don't know if I was there at all times that you have asked all the questions." Defendant's counsel then examined the written statement

and stated: "I will stipulate with you that these questions were asked and that he made these answers." The statement was thereupon offered and admitted in evidence without objection by defendant's counsel.

The defendant, testifying in his own behalf, admitted the assault upon the prosecutrix but denied penetration and emission. He admitted that he made the answers contained in the statement admitting penetration and emission but stated that he did not know what he was answering because he did not understand the terms used, and because "he was throwing the questions too fast at me and he got me all confused." He further testified that the police captain who induced him to make the confession promised him leniency and promised to help him realize his ambition to join the Navy, stating "We'll go easy on you, if you tell everything you know, and promise you the service." An objection by the assistant State's Attorney to all this testimony was sustained by the court and on motion it was striken from the record. This we regard as prejudicial and reversible error.

It is elementary that extrajudicial confessions, such as we have here, are competent evidence, as an exception to the hearsay rule, only when they are voluntarily and understandingly made. Although they are hearsay, they are considered reliable because the law presumes that no rational person would make admissions against his interest unless urged to do so by the promptings of his conscience to tell the truth, which invests them with such a high degree of reliability that they can be taken out of the classification of unreliable hearsay. But admissions not understandingly made, not voluntary, or induced by fear or hope of benefit do not rest upon the honest and repentant conscience, and the element which raises the presumption of reliability is not present.

It is, therefore, universally held that a defendant charged with a crime and confronted by an admission of guilt or

a confession has the right to show that his admission was not voluntarily made or was induced by coercion, threats, fear or promises of leniency. Am. Jur. vol. 20, p. 419; Corpus Juris Sec., vol. 31, p. 1030; *People* v. *Cope,* 345 Ill. 278; *People* v. *Rogers,* 413 Ill. 554.

The stipulation by defendant's counsel that the questions were asked and the answers given does not preclude defendant showing that he did not understand, was confused, or was induced by the promise of leniency and hope of reward. The wording of the stipulation specifically reserves such questions for explanation by the defendant. Nor does the fact that the defendant made no objection to the introduction of the statement in evidence, or that it was admitted, preclude the defendant from explaining the statements made. There was no jury, no necessity for a hearing to determine the admissibility of the statement, and therefore no duty on defendant to challenge the statement at that time. Where, in a jury trial, the court determines the preliminary question as to the admissibility of a confession and finds it voluntary and admissible, the defendant still has the right to present his evidence to the jury on the questions of the credibility or the weight to be given to such confession. *People* v. *Cleaver,* 365 Ill. 93; *People* v. *Roach,* 369 Ill. 95; *Zuckerman* v. *People,* 213 Ill. 114.

The court here, in the place of the jury, was bound to hear and consider defendant's testimony that he did not understand the questions and answers, was confused, or was induced by the officer's promise of leniency or reward. *People* v. *Buckminster,* 274 Ill. 435; *People* v. *Hoffman,* 379 Ill. 318.

We refrain, of course, from expressing any opinion as to the plaintiff in error's guilt. The record before us shows that he was denied the right to introduce competent and relevant evidence and the conviction must be set aside and the cause remanded for a new trial.

524

The defendant here contends that the trial court erred in accepting his waiver of jury trial. This cause being remanded for a new trial, for a trial *de novo,* that waiver is set aside and we need not pass upon that question. Am. Jur., vol. 39, New Trial, sec. 217; *People* v. *Johnson,* 222 Ill. App. 248.

*Reversed and remanded.*