(No. 37261.— ▮▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT SCOTT, Plaintiff in Error.

*Opinion filed May 27, 1963.*

WILLIAM C. STARKE, of Chicago, (HOWARD T. SAVAGE, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Robert Scott was indicted in the criminal court of Cook County for the crime of robbery. A jury found him guilty and the court sentenced him to the penitentiary for a term of not less than 20 years nor more than 25 years. A writ of error has been issued to review the conviction.

It is argued that the trial court refused to permit the jury to hear evidence of offers of leniency which were made by the police to defendant in order to obtain his confession which was admitted in evidence. The record contains an offer of proof that defendant would testify that police officers Toney, Williams, Monz, Kaiser and Demko stated to defendant at different times and in relays that the com-

plainant Louise Dogan was an employee of approximately 15 years in the State's Attorney's office and that if he would sign a statement in order to clear up the case, all of the aforementioned officers would see that the case was dropped or that he would receive probation. This offer was refused by the court. The record also shows repeated efforts by defendant to get before the jury evidence of promises of leniency. Objection to these efforts was sustained and the remarks stricken.

Although a confession has been admitted in evidence, the defendant still has the right to present evidence to the jury which affects the credibility or weight to be given the confession. (*People* v. *Schwartz*, 3 Ill.2d 520.) The alleged promises of leniency were material and relevant to the credibility to be given the confession and the court erred in excluding evidence of such promises.

The judgment of the criminal court of Cook County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*