(No. 42916.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ERNIE MENTOLA, Appellant.

*Opinion filed March 16, 1971.*

KARL K. HOAGLAND, JR. and WILLIAM H. HOAGLAND, both of Alton, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and R. W. GRIFFITH, JR., State's Attorney, of Edwardsville, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, and JOHN DALE STOBBS, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Ernie L. Mentola, appeals directly from a judgment of the circuit court of Madison County entered upon a jury verdict finding him guilty of armed robbery. (Ill. Rev. Stat. 1969, ch. 38, par. 18—2.) He was sentenced to the penitentiary for not less than two nor more than three years.

The 71-year-old complaining witness, Mrs. Cliffie Robertson, testified that some time after midnight on the morning of February 20, 1969, four young men entered her home in Venice, Illinois, where she resided with her 100-

year-old husband and her 57-year-old retarded son. Three of the intruders had pistols and one of them slammed Mrs. Robertson against the wall, knocking off her glasses. The robbers threatened to kill everyone and burn down the house unless they were given money. They ransacked the house for a period of about four hours and left their victims bound with tape. Mrs. Robertson testified that the robbers took an old shotgun with hammers, a .32 calibre rifle, eight straight-edge razors, some clothes and approximately two hundred dollars. The money included twenty dollars in tobacco-stained Kennedy half-dollars belonging to the son.

The small bedroom in the three-room house was "adequately" lit by an electric light bulb suspended from the ceiling, but Mrs. Robertson was unable to clearly describe her assailants. She described the four robbers as young men; two with blond hair and two with darker hair. She indicated that one of the men with dark hair was shorter, heavy-set and "dark as some Mexicans". The other dark haired man was taller, slimmer, and more copper-colored in complexion. Mrs. Robertson judged the younger of the two blondes to be about 15 or 16 years old. Both blondes wore black leather jackets and the other two wore longer, dark cloth coats. Mrs. Robertson was unable to make an in-court identification of either Mentola or his co-defendant, James Durham. She pointed out a member of the jury indicating that one of the robbers was "dark like him."

Gary Stark, an alleged accomplice in the crime, was also a witness for the State. He testified that on the evening of February 19, 1969, he and Mentola were driving around in Stark's car with Durham, Albert Tolbert and Thomas Meherer. Tolbert and Meherer, he testified, had blonde hair. Stark further testified that the defendants talked about robing a place in Venice, Illinois, where the people were "pretty old". Stark's passengers told him they were going to Venice and directed Stark, who was unfamiliar with Madison

County, to drive to a particular location and park the car. Having told Stark to wait, the others got out of the car and walked away some time after midnight. Tolbert had a pistol. Stark testified further that he slept in the car until his passengers returned, carrying a rifle, a shotgun, clothes and some money. Stark received a "couple of dollars" as his share and drove the others to designated places and let them out. He then went to his place of employment and worked a full day. After work, he looked for Mentola without success and returned to his home in Missouri, where he remained until his arrest.

Mentola chose not to testify in his own behalf and contends on appeal that certain remarks by the prosecutor in closing argument constituted a denial of his constitutionally protected privilege against self-incrimination and violated a statutory provision prohibiting reference to, or comment on, his failure to testify. (Ill. Rev. Stat. 1969, ch. 38, par. 155—1.) The remarks to which defendant objects were as follows: "He [Gary Stark] told you quite honestly and truthfully what was not contradicted in any way. Just told you about his part in it and told you who was there. And that's uncontradicted testimony in this case. Jim Durham was there. Ernie Mentola was there."

We have held that an appropriate test in determining whether a defendant's right to remain silent has been violated is whether the reference in closing argument was "intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify." (*People* v. *Burton,* 44 Ill.2d 53, 56.) It is "permissible, however, for a prosecutor to comment on the uncontradicted nature of the State's case even where the only person who could have contradicted the State's evidence was the defendant himself." (*People* v. *Mills,* 40 Ill.2d 4, 8; *People* v. *Norman,* 28 Ill.2d 77; *People* v. *Keagle,* 7 Ill.2d 408.) Here, the prosecutor stated only that the testimony of

Gary Stark as to what occurred and who was present on the night in question had not been contradicted; that reference did not exceed the limits of allowable comment.

Defendant next contends that he was not proved guilty beyond a reasonable doubt because the State lacked sufficient evidence identifying him as one who committed the crime charged. This contention rests primarily on the inability of the complaining witness to positively identify Mentola even though she had ample opportunity to observe her assailants "under favorable conditions." Defendant argues that, if the conditions were favorable, Mrs. Robertson's general description of the four intruders was inadequate, and, if the conditions were unfavorable, her description should have been entirely excluded. In view of the terrifying circumstances under which Mrs. Robertson observed her assailants, it would be unreasonable to expect a complete and detailed description. It does not follow, however, that the general description which she was able to provide is incompetent. The cases cited by defendant for the proposition that a guilty verdict cannot be sustained where the identification testimony is less than positive, involve situations where such testimony is substantially uncorroborated by other evidence in the case. The testimony of the complaining witness here was materially supported by testimony of Gary Stark which was, in turn, corroborated by evidence that certain items taken in the robbery were subsequently found to be in the possession of Durham and Tolbert. The testimony of an accomplice is necessarily received with caution, but such testimony, even if uncorroborated, is sufficient to warrant a conviction if it satisfies the trier of fact beyond a reasonable doubt. (*People* v. *Williams*, 19 Ill.2d 171, 176; *People* v. *Hermens*, 5 Ill.2d 277.) Material corroboration or direct contradiction of an accomplice's testimony is entitled to great weight. (*People* v. *Baker*, 16 Ill.2d 364, 370; *People* v. *Hermens*, 5 Ill.2d

277, 286.) The mutually supportive testimony of Mrs. Robertson and Gary Stark was uncontradicted, and, considering the entire record, we find the evidence clearly sufficient to justify the jury's verdict.

Defendant also objects to remarks of the prosecutor during final argument with regard to defendant's alleged flight from the area. The record indicates that defendant entered the Army and left the area shortly after the commission of the crime charged. This circumstance was properly considered by the jury with all other evidence in determining whether defendant was proved guilty beyond a reasonable doubt. (*People* v. *Rossini*, 25 Ill.2d 617; *People* v. *Lobb*, 17 Ill.2d 287.) We do not agree that the prosecutor's comments suggested that proof of flight raised a legal presumption of guilt.

Defendant's contention that prejudicial error resulted from the prosecutor's final argument with regard to the State's burden of proof is without merit. Any misstatement as to the burden of proof was corrected by the trial judge in response to defense objection and by the subsequent proper instruction of the jury.

Defendant argues that the trial court improperly admitted into evidence certain items taken in the robbery and directly linked to persons named as participants in the robbery, because such items were not described in the indictment. These items were, nonetheless, properly admitted, together with the circumstances of their recovery, as relevant and material to the issues of identification and credibility.

Finally, defendant contends that he was denied the effective assistance of counsel. It is well settled that "To warrant a reversal because of incompetency of counsel, the record must clearly establish not only that counsel performed his trial duties in an incompetent manner, but also that defendant was substantially prejudiced thereby. (*People* v. *Morris*, 3 Ill.2d 437.)" (*People* v. *Robinson*, 21 Ill.2d 30, 36.) An examination of the record reveals that defend-

ant's trial counsel conducted a vigorous and competent defense and that the alleged errors are, at most, errors in strategy.

Accordingly, the judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*