(No. 49722

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. GLENN E. SULLIVAN, Appellee.

*Opinion filed May 26, 1978.*

KLUCZYNSKI, J., took no part.

William J. Scott, Attorney General, of Springfield, and Edwin R. Parkinson, State's Attorney, of Jacksonville (Donald B. Mackay, Melbourne A. Noel, Jr., and John C. Carroll, Assistant Attorneys General, of Chicago, and James E. Hinterlong and Robert M. Hansen, of the Illinois State's Attorneys Association, of Ottawa, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Jeffrey D. Foust, Assistant Defender, of Springfield, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Following a jury trial in the circuit court of Morgan County, defendant, Glenn Sullivan, was convicted of

armed robbery and sentenced to the penitentiary for a term of 8 to 20 years. The appellate court reversed the defendant's conviction and remanded the cause for a new trial. It did so on grounds that certain errors committed during the trial, although not preserved for purposes of appeal, did, when considered together, constitute reversible error under the plain error doctrine. (48 Ill. App. 3d 787.) We granted the State leave to appeal.

On May 29, 1975, at approximately 5 p.m., two masked men entered a liquor store in Meredosia, Illinois, and, at gun point, robbed the store's cashier of a reported $179. The store cashier was unable to identify the faces of her assailants, but she testified that the man armed with the gun was thin and wore plaid pants and that the other man was heavy set and wore a Levi jacket and pants. The two men fled the store in the cashier's blue and white Chevelle.

Two witnesses testified that, while driving on a country road outside of Meredosia at approximately 5:30 p.m. on May 29, they observed a car, fitting the description of the cashier's car, parked along the road; two men were standing near the trunk. These witnesses also testified that they observed a late-model grayish car, which had been tailgating their car, turn into a side road near the parked auto. Another witness, who lived in the vicinity of the parked car, stated she observed a "funny colored" Oldsmobile leave the area with three or four occupants.

A late-model green Oldsmobile with three occupants was subsequently apprehended by sheriff's police on Roegge Lake Road, outside of Meredosia. When the auto was stopped, the three occupants (Albert Matthews, Clarence Armstrong, and the defendant) were arrested. Deputy Sheriff Ryan testified that, at the time of the arrest, defendant was wearing plaid pants and no shirt. The three men were taken to jail, where a search of their persons and the car revealed a sum of money totaling

$179; no gun was found. On the following day, police searched along Roegge Lake Road and found a blue denim jacket, a partially filled box of .32-caliber revolver shells and a fully loaded, six-shot .32-caliber revolver.

Douglas Quinn testified that, on the day of the robbery, he had loaned Armstrong a .32-caliber revolver to use in target practice. Quinn stated he had accompanied Armstrong, Matthews and defendant to a sporting goods store in a large, gray car, and that he had purchased a box of .32-caliber shells for the revolver.

Over objection, the sheriff was permitted to testify that defendant had escaped from jail while awaiting trial and was later apprehended in Florida.

Prior to defendant's trial, Matthews and Armstrong had pleaded guilty to armed robbery and were serving their sentence at Menard.

During opening statements, the prosecutor outlined for the jury the facts he intended to prove, and then stated:

"We also, I believe, will have the opportunity of hearing from the other two convicted armed robbers in this same instance, Clarence Armstrong and Albert Matthews, as to their being brought here this afternoon to testify what they know about Mr. Sullivan's participation in this act."

No objection was made to the prosecutor's remark.

Later, the prosecution called the two alleged accomplices as its witnesses. Before permitting the witnesses to take the stand, the court ordered the guard to unshackle them.

Matthews then took the stand and refused to testify on the grounds that it would incriminate him. After the prosecutor's repeated but unsuccessful attempts to elicit answers, the trial court ruled that Matthews was entitled to invoke his fifth amendment privilege.

Armstrong, called by the State, testified that he and Matthews were serving time in Menard for an armed

robbery involving a liquor store in Meredosia. No objection to this testimony was made. Armstrong then testified that he was with the defendant on May 29 and that they rode together in Armstrong's car to Meredosia. Upon being asked if anyone else was in the car, Armstrong stated he did not wish to testify further. The trial court granted Armstrong his request and excused him from the stand.

The trial court's above rulings are not at issue in this appeal.

During summation, the prosecutor admitted to the jury that all the evidence which implicated defendant in the robbery was circumstantial. The prosecutor then made the following remarks:

> "[Defendant], just as Mr. Matthews did and just as Mr. Armstrong had a part in it, they all had their own individual role to play in this armed robbery.
>
> Now, what about those two others? They both pleaded guilty to the same charge. They're both in Menard. They both were brought up here today, as you could tell, rather reluctantly. They were called to the stand and didn't want to testify, particularly Mr. Matthews. ***
>
>          *   *   *
>
> Now, if you think [defendant] was innocent, why was he with those two guys that are in prison now who pled guilty to armed robbery?
>
>          *   *   *
>
> Now, common sense will tell you, reason will tell you that [defendant is] just as guilty as the other two, because he was in there. He had the money.
>
>          *   *   *
>
> [A]lthough it's a circumstantial case you can't help but find that he's guilty of armed robbery, just like his two friends, in spite of their effort to help him by their reticence and their code of honor whatever you want to call it."

On rebuttal, defense counsel argued, among other things, that the mere fact that defendant was with the two

alleged accomplices at the time of the arrest did not necessarily mean he was guilty of the armed robbery.

The prosecutor, on surrebuttal, stated:

> "I believe you'll get an instruction from the court that will tell you about the responsibility of an accessory, and I believe it will be something like this: That an accessory is responsible for the acts of those he participated with."

Later, the prosecutor stated:

> "[Defendant is] really clever. He's been around, and he's dangerous, he's just as guilty of armed robbery as any of the other two that have already pled guilty."

Defense counsel did not object to the prosecutor's statements concerning the alleged accomplices' guilty pleas or request that a cautionary instruction be given. No post-trial motion was thereafter filed.

In reversing the defendant's conviction, the appellate court ruled that the errors—the prosecutor's opening remarks, the alleged accomplices appearing in shackles before the jury, and Armstrong's testimony concerning his and Matthews' convictions—although not preserved and not, in and of themselves, reversible error, did constitute cumulative error which could be noticed on appeal under the plain error doctrine of Supreme Court Rule 615(a) (58 Ill. 2d R. 615(a)). Because of our view of the case, we reserve judgment on the correctness of the appellate court having ruled that it was error to permit the witnesses to appear before the jury in shackles.

The State contends that the appellate court had no authority to treat as plain error unpreserved cumulative errors which, in and of themselves, do not warrant reversal. We do not reach the State's contention because we find the prosecutor's disclosure of the alleged accomplices' guilty pleas (during opening statements and upon direct examination of Armstrong), and his reliance on such during closing argument (in urging the jury to find

defendant guilty), constituted a single continuous error which deprived defendant of a fair and impartial trial.

Failure to object to or to preserve error in improper argument will not constitute waiver when a prosecutor's argument is so seriously prejudicial that it prevents the defendant from receiving a fair trial. (*People v. Romero* (1967), 36 Ill. 2d 315, 320; *People v. Morgan* (1960), 20 Ill. 2d 437, 441.) A co-defendant's or accomplice's confession or admission is generally inadmissible as evidence of another defendant's guilt. (*People v. Tyner* (1964), 30 Ill. 2d 101, 105-06; *People v. Salerno* (1923), 306 Ill. 570, 576.) Also inadmissible for purposes of proving the guilt of the defendant on trial, but admissible for purposes of impeaching the co-defendant or accomplice, is evidence that a co-defendant or accomplice has pleaded guilty or has been convicted of the same offense. (*People v. Burch* (1974), 22 Ill. App. 3d 950, 953. See also 2 F. Wharton, Criminal Evidence, sec. 439 (12th ed. 1955); Annots., 48 A.L.R.2d 1004 & 1016 (1956), and cases cited therein.) A defendant who is separately tried is entitled to have his guilt or innocence determined upon the evidence against him without being prejudged according to what has happened to another.

This court has, on at least two occasions, considered the propriety of disclosing to the jury that a co-defendant has pleaded guilty or confessed to the same crime for which the defendant stands trial. In each instance, this court found no reversible error, but both cases are clearly distinguishable from the case herein.

In *Graff v. People* (1904), 208 Ill. 312, 325-26, a co-defendant, during the course of trial and in the presence of the jury, voluntarily changed his plea to one of guilty. This court held that, although the occurrence was unfortunate, it was not grounds for reversal: the incident was not attributable to the State or the court, and the court neutralized the situation by instructing the jury not to

consider the co-defendant's plea as evidence against the remaining defendants. Here, the prosecutor initiated the error by injecting the accomplice's guilty pleas into the trial on three separate occasions: during his opening statement, upon direct examination of Armstrong, and during his closing argument. Unlike *Graff,* the jury here was never instructed to disregard such fact.

In *People v. Baker* (1959), 16 Ill. 2d 364, 372-73, an accomplice who fully disclosed to the jury his involvement in the crime for which the defendant was being tried was also permitted to testify that he had confessed to the crime. The court held that, in light of the accomplice's full factual disclosure, the further disclosure that he had confessed to the crime was not unduly prejudicial to the defendant. (*Sub judice,* Matthews and Armstrong never testified as to the details of their own or of the defendant's participation in the armed robbery.) Further, in *Baker,* the jury had been instructed not to take into consideration the guilt or innocence of co-defendants not on trial.

This case is additionally distinguishable from the above two cases by the manner in which the prosecutor relied on the alleged accomplices' guilty pleas in his closing argument to the jury. Evidence of another's guilt is particularly prejudicial to the defendant when the prosecutor is permitted to argue to the jury, explicitly or implicitly, that such evidence may be considered by them in determining the guilt of the defendant. (*State v. Underwood* (1957), 248 Iowa 443, 448-49, 80 N.W.2d 730, 733-34; *State v. Kerley* (1957), 246 N.C. 157, 161-62, 97 S.E.2d 876, 880.) In this case, the prosecutor, having failed to establish the defendant's guilt through the accomplices' testimony, urged the jury to gauge the defendant's guilt by reference to the fact that his alleged accomplices had already pleaded guilty to the same offense. Such conduct required the trial court's prompt corrective action in the form of a cautionary instruction or

admonishment. The prosecutor's comments were extremely prejudicial to the defendant and, although there was considerable circumstantial evidence against the defendant, we cannot say that the prosecutor's comments did not contribute to the defendant's conviction. *People v. Weathers* (1975), 62 Ill. 2d 114, 120-21.

Accordingly, we find that defendant was deprived of a fair and impartial trial. For the reasons set forth herein, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision in this case.