THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBIN DALE VINSON, Defendant-Appellant.

Fifth District   No. 76-213

Opinion filed July 5, 1978.

WINELAND, J., dissenting.

Michael J. Rosborough and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, and Terry Seeberger, research assistant, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish and Keith P. Vanden Dooren, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant was indicted for a murder occurring in the course of an armed robbery. After a jury trial he was found guilty and sentenced to 14 to 60 years' imprisonment. The nexus of the State's case was a confession obtained from the defendant. A hearing to suppress was held, and the court deemed the statement to be voluntary and permitted it to be introduced at trial.

On appeal four arguments are raised by the defendant. The defendant contends that the confession should have been suppressed as involuntary because the police deceived his father into a belief that he was not under interrogation and subsequently excluded his father from the interrogation despite requests that he be present. Defendant at the time of his arrest and interrogation had just passed his 18th birthday. No one who testified seemed sure precisely what happened at the police station. The record indicates confusion as to what time the father actually arrived at the station. He was informed by his wife via telephone that his son was in custody and went directly to the station house. He testified that the desk officer first told him that his son was not there. However, at his second request and insistence that his son was there the desk officer asked a detective where the defendant was and the detective took the father to a room where the defendant was in the process of giving a statement. He was allowed to talk with his son for a few moments but then told he must leave until the statement was finished.

It does not appear to us from this evidence that there was any blatant attempt by the police to "deceive" the father or that at the father's first visit the desk officer was aware that defendant was in the station. The defendant cites *People v. Groleau*, 44 Ill. App. 3d 807, 358 N.E.2d 1192, in which the court, quoting *In re Stiff*, 32 Ill. App. 3d 971, 336 N.E.2d 619, held that as a "matter of good practice" it is preferable that whenever possible, a parent or guardian should be present when a juvenile waives his rights. In the instant case, the defendant is not a juvenile, but claims that his youth entitled him to have his father present. We do not agree. Here the defendant never asked for his father until his father entered the room and then only asked to speak with him. In contrast, the defendant in *Groleau* was a juvenile who repeatedly asked to have his father present, was deceived by the police as to the nature of the charges against him, and claimed physical abuse. None of these factors is present in the instant case.

■■ The State cites *People v. Prim*, 53 Ill. 2d 62, 289 N.E.2d 601, and *People v. Rosochacki*, 41 Ill. 2d 483, 244 N.E.2d 136, as authority for the proposition that the in-custody protections concerning interrogations are not intended to apply to a defendant seeking the assistance of anyone other than a lawyer. *Prim* held a confession voluntary although a request

for parental presence was denied. *Rosochacki* did the same though the defendant had asked to see a priest. Although the defendant's father was excluded from the interrogation process in this case we find that this was proper and is not a sufficient ground for suppression of the statement.

The general rule governing admissibility of confessions is set forth in *People v. Hester*, 39 Ill. 2d 489, 497, 237 N.E.2d 466, which stresses that the confession must be made "freely, voluntarily, and without compulsion or inducement of any sort." *Hester* emphasizes the "totality of circumstances" test of voluntariness. Defendant cites *Hester* in support of his contention that his confession was not voluntary. However, the situation in *Hester* is readily distinguishable from the instant case. In *Hester,* the 14-year-old defendant was held incommunicado for over 12 hours, was not advised of his rights (this case was decided before *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602) and had no counsel. Here, defendant made his statement within one hour of his arrest, had access to a telephone, and was informed of his rights, according to the testimony of the arresting officer.

■■ There was conflicting testimony concerning whether the defendant was informed of his rights as required by *Miranda v. Arizona.* The arresting officer testified that the warnings were given to the defendant both en route to the police station and at the police station and that the defendant read and signed the form acknowledging the warnings. The defendant testified that he never received the warnings but then stated that although he had read the warnings he did not understand them. The totality of circumstances in the instant case supports the trial court's findings as to voluntariness. A finding of voluntariness by the trial court is not to be disturbed on appeal unless against the manifest weight of the evidence. (*People v. Prim; People v. Pickerel,* 32 Ill. App. 3d 822, 336 N.E.2d 778.) Further, voluntariness need only be proved by a preponderance of the evidence. (*People v. Pickerel.*) Judged by these tests, the confession of the instant defendant was voluntary and was properly admitted into evidence.

■■ Defendant's second argument is that the trial court improperly excluded evidence regarding the credibility and weight to be given to the confession so as to deny defendant a fair trial. It is an accepted rule that the defense can present evidence on the credibility and weight to be given a confession though the court has found it voluntary and admitted it into evidence. (*People v. Schwartz,* 3 Ill. 2d 520, 121 N.E.2d 758; *People v. Scott,* 28 Ill. 2d 131, 190 N.E.2d 749.) Defendant asserts that his attempts to place before the jury evidence of police deception in understating the charges against him and in excluding his father from the interrogation were precluded by the rulings of the trial court. The State contends, and we agree, that the record does not show that the trial court

so limited the defense. The record does show that defense counsel made no effort to offer evidence concerning the weight and credibility of the confession.

Defendant also asserts that the prosecution, in rebuttal argument, stated that the jury was not to consider the circumstances under which the confession was taken. We have read the record and do not find that it supports defendant's assertion. Any remarks of the prosecutor which might bear on the issue of voluntariness were invited by the remarks of defense counsel who in his closing argument contended that the statement was involuntary.

■■ Defendant next claims that it was error not to instruct the jury on the weight to be given the confession. However, as the State points out, defense counsel did not tender any instruction on this issue. Generally, a party who desires a specific instruction must offer it and request the court to give it and the trial court has no obligation to instruct on its own motion. (*People v. Parks*, 65 Ill. 2d 132, 357 N.E.2d 487; *People v. Nuccio*, 54 Ill. 2d 39, 294 N.E.2d 276.) In criminal cases, however, this rule is modified in certain situations by the requirements of a fair trial. It has been held that a court bears the burden of seeing that the jury is instructed on the elements of the crime charged, on the presumption of innocence and on the question of burden of proof. *People v. Parks; People v. French*, 5 Ill. App. 3d 908, 284 N.E.2d 481.

■■ While the instruction, IPI Criminal No. 3.07, could properly have been given if it had been tendered, we do not regard it as reversible error for the court to have failed to give it *sua sponte*. The Committee Comments to the instruction state merely: "If the trial judge receives a confession in evidence, the jury may not entirely disregard the confession. The jury is bound to consider the confession and give it such weight as the jury determines it is entitled to."

■■■ Defendant's third contention is that he was denied a fair trial by the prosecutor's remarks in closing argument that the State's case was uncontradicted. Defendant claims that these remarks were intended to direct the jury's attention to his failure to testify, especially in view of the fact that the defendant was the only one who could have contradicted the State's evidence. We disagree. It is true that a prosecutor is forbidden to make direct reference to a defendant's failure to take the stand, but, he may refer to the fact that the testimony of the State's witnesses is uncontradicted even though the defendant is the only person who could have contradicted it. (*People v. Hopkins*, 52 Ill. 2d 1, 284 N.E.2d 283; *People v. Mentola*, 47 Ill. 2d 579, 268 N.E.2d 8; *People v. Norman*, 28 Ill. 2d 77, 190 N.E.2d 819.) Moreover, no objection was made by defense counsel to the remarks which serves as a waiver of any objection on appeal. (*People v. Hanson*, 53 Ill. 2d 79, 289 N.E.2d 611, *cert denied*, 411

U.S. 937, 36 L. Ed. 2d 398, 93 S. Ct. 1916; *People v. Underhill*, 38 Ill. 2d 245, 230 N.E.2d 837, *cert denied*, 391 U.S. 912, 20 L. Ed. 2d 651, 88 S. Ct. 1803.) Further, the decisions of the federal courts which have purportedly followed a more stringent test for the evaluation of such prosecutorial argument, cited by the defendant in his brief, are not binding on this court. *People v. Stansberry*, 47 Ill. 2d 541, 268 N.E.2d 431.

■■ Defendant also argues that the prosecutor in closing argument, attempted to shift the burden of proof, that he misstated and distorted evidence and commented on evidence not presented at trial. These contentions may be disposed of by examining the record. Certain remarks of the prosecutor may have tended to shift the burden of proof in the minds of the jury if left standing alone. However, these remarks were offset by the prosecutor himself when he stated several times in closing argument that the State carried the burden to prove the defendant guilty · beyond a reasonable doubt. Further, the jury received proper instructions on the burden of proof. Other remarks which the defendant asserts are prejudicial, concerning failure of the defense to call possible witnesses, were not improper where they were invited by the remarks of defense counsel in his own argument. (*People v. Norfleet*, 15 Ill. App. 3d 567, 304 N.E.2d 672.) Neither individually nor in combination do the remarks complained of warrant reversal.

■■ Defendant contends that the maximum sentence imposed, 60 years, is excessive in view of his age, lack of prior criminal record and his rehabilitative potential. However, we are of the opinion that the trial court did not abuse its discretion in this matter. The trial judge is in the best position to determine the sentence based on the circumstances of the individual case. (*People v. Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882.) Where the sentence is within statutory limits and is not greatly at variance with the purpose and spirit of our constitution, it will not be disturbed on appeal. (*People v. McCullough*, 45 Ill. 2d 305, 259 N.E.2d 19.) The defendant must justify a reduction in sentence through substantial evidence in mitigation. (*People v. Nelson*, 41 Ill. 2d 364, 243 N.E.2d 225.) In the instant case the defendant presented only a letter from his church of which his father is pastor. The record shows that the trial court was not unmindful of the criteria discussed in sentencing the defendant. Murder is a crime of unrivalled seriousness. Similar sentences have been upheld in *People v. Allen*, 56 Ill. 2d 536, 309 N.E.2d 544, *cert. denied*, 419 U.S. 865, 42 L. Ed. 2d 102, 95 S. Ct. 120 (100 to 200 years); *People v. Nicholls*, 44 Ill. 2d 533, 256 N.E.2d 818 (100 to 150 years); *People v. Newbury*, 22 Ill. App. 3d 1, 316 N.E.2d 559 (50 to 150 years). The judge in the instant case reflected both concern for the public protection by imposition of the 60-year maximum, but also concern for the defendant and his rehabilitative potential through imposition of a 14-year sentence.

The judgment of the trial court is affirmed.

Affirmed.

G. J. MORAN, J., concurs.

Mr. JUSTICE WINELAND, dissenting:
I must respectfully dissent from the opinion of the court in this case. The improper and highly inflammatory argument of an over-zealous State's Attorney and the disregard of the law respecting confessions by the court acted to deprive this defendant of a constitutional trial.

The *sole* (emphasis supplied) evidence linking this defendant with the crime involved here was a statement made to the investigating officer which the investigating officer was allowed to read into evidence. This statement implicated the defendant and three others who were his companions. The People attempted to introduce a certain pistol into evidence as the murder weapon but it was not admitted because it could not be traced to the defendant. Under this set of facts the statement given by defendant was of the utmost importance. Moreover, it was vastly important that the law be strictly adhered to in respect to such statement irrespective of the guilt or innocence of the accused.

This judge does not contend tha the statement allegedly given by the defendant was not shown to be voluntary. Neither does he contend that it was not competent to be admitted as evidence. The trial judge correctly held that he had the right to determine such questions and did so at the pretrial hearing on the motion to suppress. However, at this latter hearing the court was bound only by the preponderance of the evidence rule. (*People v. Nemke* (1962), 23 Ill. 2d 591.) The People concede this to be true.

However, there are at least two aspects to every criminal case involving a confession. One is the voluntariness and competency question to be determined by the trial court alone prior to the hearing on the merits of the case. The second aspect is the hearing stage in the presence of the jury. This is to give the jury an opportunity to pass upon the weight and credibility of the alleged statement. Every accused has this right. This right was denied this defendant.

The defendant attempted to exercise this right through his court appointed counsel but was unsuccessful in his efforts. This is shown plainly by the record as indicated by the transcript (questioning by Mr. Nold, counsel for defendant). Counsel for defendant then proceeded to inquire of Detective Stone as follows (speaking of *Miranda*):

"Q. You stated in and to Mr. Aguirre's questions that Mr. Vinson was read certain rights which you then described as the Miranda

Warnings. Were these read to him on the way to the station or at the station or at both places?

A. Both times

Q. Okay, is there a form that you actually asked him to initial after he has been read his rights?

MR. AGUIRRE: For the People. Your Honor, let me renew my previous objection. This is a matter considered already before the court. It is not within the province of the jury.

MR. NOLD: Your Honor, I think they must look at the circumstances of the statement.

THE COURT: *We are not going into the statement any more. You may ask him if there is a form he signs."* (Emphasis supplied.)

After several questions about the waiver form itself, counsel tried again to elicit testimony regarding whether Detective Stone had himself advised the defendant of his rights. The prosecutor responded by requesting a side-bar conference, which is not of record. We may infer however that at this conference the door was closed tighter on any inquiry concerning the statement. We say this because thereafter the questions put to the officer were almost wholly innocuous.

The court clearly erred in limiting the defendant to a perfunctory examination into the circumstances under which Detective Stone took the defendant's statement. Apparently, it sustained the State's objections under a misconception that it was the judge alone who had a right to determine not only the admissibility but the validity of the confession; and that the jury had no authority to pass upon any questions touching the weight or credibility to be accorded the confession.

The result of the court's ruling in this instance was the jury had no opportunity to pass upon the weight or credibility to be given defendant's alleged statement nor to hear the circumstances surrounding its giving. A further consequence was that accused was in fact tried by the wrong yardstick, *i.e.,* the preponderance of the evidence rule (applied by the judge) and not the rule requiring proof of guilt beyond a reasonable doubt to be determined by members of the jury.

By restricting the defendant's right of cross-examination of Officer Stone in this case the defendant was denied his rights of due process under the Fourteenth Amendment. *Smith v. Illinois* (1968), 390 U.S. 129, 19 L. Ed. 2d 956, 88 S. Ct. 748.

As pointed out by counsel, the defendant has the right to present evidence to the jury which affects the weight and credibility of the same after the trial judge has determined that the same is admissible in evidence (*People v. Scott* (1963), 28 Ill. 2d 131; *People v. Schwartz* (1954),

3 Ill. 2d 520), and it is established by these cases that it is reversible error to deny him this right.

While it was true that counsel for defendant made no offer of proof, the rule requiring an offer of proof is not absolute. It has not been universally applied. There are matters and rights so fundamental that they must be considered, whenever initially raised. (*People v. Burson* (1957), 11 Ill. 2d 360, 370, 371; *Belfield v. Coop* (1956), 8 Ill. 2d 293, 312, 313.) This rule is permissive. It lies within the discretion of the reviewing court to consider an alleged error not raised or brought to the attention of the trial court even if it affects substantial rights. *People v. LeMay* (1966), 35 Ill. 2d 208.

Here the trial court fully understood the circumstances which defendant's counsel sought to bring out by reason of having heard the testimony at the motion to suppress. An offer of proof is necessary where there is no other satisfactory indication to the trial judge, opposing counsel, and the reviewing court as to the substance of the proof to be made. (*People v. Hoffee* (1933), 354 Ill. 123, 140, 188 N.E. 186.) However, an offer of proof is unnecessary whenever the trial judge understands the objection and character of the evidence but will not admit such evidence. (*Gore v. Henrotin* (1911), 165 Ill. App. 222, 227.) We feel such is the case at bar. See also *People v. Moore* (1975), 27 Ill. App. 3d 337, 326 N.E.2d 420, to the same effect.

In *People v. Burson* (1957), 11 Ill. 2d 360, 143 N.E.2d 239, a case decided in 1957, before the enactment of the Code of Criminal Procedure of 1963, the court said at page 370:

> "We recognize that counsel for defendant did not present or argue this point; and that the general rule is that where a question is not raised or reserved in the trial court, or where, though raised in the lower court, it is not urged or argued on appeal, it will not be considered and will be deemed to have been waived. However, this is a rule of administration and not of jurisdiction or power, and it will not operate to deprive an accused of his constitutional rights of due process. 'The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented.' 3 Am. Jur., sec. 248, page 33;* * *."

In *People v. McKinstray* (1964), 30 Ill. 2d 611, 198 N.E.2d 829, the court quoted the foregoing with approval.

Under the Code, we have a right to consider such errors since, in our opinion, they deprived the accused of a fair and impartial trial. A careful reading of the instant case indicates that the defendant was deprived of a

fair trial, and the case should be reversed under the doctine of the plain error rule and the rules of fundamental fairness.

Other examples of reversible error occurred in the trial particularly in the final argument by the prosecutor. It seems plain to this judge that the State's Attorney attempted to bolster the weakness of his case by resorting to his own "testimony." Bear in mind there was only one piece of evidence linking defendant with the crime—the defendant's statement. Yet, despite the fact that it was wholly uncorroborated by other evidence, the prosecutor was able to find within this instrument itself, evidence with which to corroborate it. It was a "self-corroborating" confession in his eyes.

In the argument, the State's representative was able to out do the defense counsel in what might be termed the "battle of innuendo." For instance, from his argument the jury might well infer that Brenda McGee was at least a material witness to some aspect of the shooting and that she would have incriminated the defendant had she testified. That the jury would have believed her but inferentially she was not there because she was a sister of a fellow participant. As pointed out by counsel this is tantamount to charging the defendant with hiding evidence. Next, he proceeds to name the other participants and indicates that they are confined in the Department of Juvenile Corrections. Such argument is reversible error even though no objection is raised at the trial. (*People v. Smith* (1966), 74 Ill. App. 2d 458.) The argument for the People is replete with such instances.

In the opinion adopted in this case the court seemed prone to find the errors of the trial court and those committed by the prosecutor to have been waived where no objection was made at the trial, or the error was not otherwise preserved. Other courts have not been so prone in this respect. (For example, see *People v. Popely* (1976), 36 Ill. App. 3d 828; *People v. Gilmer* (1969), 110 Ill. App. 2d 73.) The latter case is particularly informative and very similar to this in that the prosecutor's comments conveyed to the jury the impression that there was incriminating evidence that was not presented at the trial—particularly eyewitness testimony which would corroborate the defendant's confession; the defendant's confession being the only direct evidence in the case.

This same subject arose in *People v. Sullivan* (1978), 72 Ill. 2d 36, 377 N.E.2d 17. In *Sullivan* the Illinois Supreme Court reviewed under the plain error doctrine of Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)), error to which trial counsel failed to object. There trial counsel stood mute as the prosecutor disclosed the fact that the defendant's alleged accomplices had previously pled guilty to the charge lodged against the defendant. In so holding, the supreme court noted that

the accused who is separately tried is entitled to have his guilt or innocence determined upon evidence against him without being prejudged according to what happened to another.

Here the prosecutor injected into his rebuttal argument facts (not based on the evidence) which sought to associate the defendant with the guilt and untrustworthiness of others, mainly the defendant's companions whom the prosecutor labeled as unworthy of belief. The error in this case as in *Sullivan* was so serious that even though trial counsel failed to object this court is not precluded from considering the issue.

A person accused of crime, whether he is guilty or innocent, is entitled to a fair trial. The trial errors herein, viewed separately or cumulatively, deprived defendant of this fundamental right. Moreover, in measuring the extent to which the jury's verdict has been tainted, we find it significant that each of the errors constitutes a violation of an elementary principle of fair trial proceedings. Such violations should not be tolerated.

I would reverse and remand for a new trial for the many errors pointed out here and by counsel for appellant.