THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID L. GILLARM, Defendant-Appellant.

First District (4th Division)   No. 60742

Opinion filed July 28, 1976.

Paul Bradley and Jan H. Stonecipher, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Eugene J. Rudnick, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Following a jury trial, defendant was found guilty of the crime of armed robbery and sentenced to a term of 6 to 18 years imprisonment.

The issues presented for review are: (1) whether the evidence was sufficient to prove defendant guilty beyond a reasonable doubt; and (2) whether the prosecutor's closing argument unduly prejudiced defendant so as to amount to a denial of defendant's right to a fair trial.

An armed robbery occurred in the early morning hours of January 23, 1973, at the Travel Lodge Motel in Niles, Illinois. Peter Spies, the night desk clerk, testified that he was working at a desk behind the registration counter in the lobby of the motel when the doorbell rang and a man entered the lobby. Spies related that the man approached the desk, asked if any rooms were available and signed a registration card. Spies then turned away from the man to determine what rooms were available. When he turned back, he found the man holding a dark grey revolver. Spies was ordered to keep quiet, open the cash register, and lie face down on the floor. The man took paper money from the cash register and then ordered Spies to the restroom where his hands were taped behind his back and to the towel rack. Thereafter, the man removed Spies' wrist watch and wallet, took change from the cash register, and left through the back door. Spies freed himself with the aid of a man who entered the motel 3 or 4 minutes after the robber had left and went across the street to the Niles police station to report the incident.

He gave the policeman on duty a description of the robber and on two separate occasions was asked to view suspects. However, Spies stated

that neither of these two suspects was the assailant. On February 14, 1973, Spies selected defendant's photograph from a group of eight as being a photo of the man who committed the robbery. Defendant was again identified as the robber at the preliminary hearing and still again at trial. He appeals from the judgment finding him guilty of armed robbery.

■■ Defendant's first contention is that he was not proved guilty beyond a reasonable doubt. He relies on *People v. Gardner* (1966), 35 Ill. 2d 564, 221 N.E.2d 232, in asserting that his identification as the robber is vague, doubtful and uncertain and warrants reversal. However, a positive identification by a single witness who had ample opportunity to observe is sufficient to support a conviction. (*People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819; *People v. Clarke* (1971), 50 Ill. 2d 104, 277 N.E.2d 866.) Moreover, *Gardner* notes and defendant points out that such positive identification by a single witness, if that witness is credible, is sufficient to convict though that testimony is contradicted by the accused.

Mr. Spies, the hotel clerk in the instant case, was seated behind a counter when he heard the doorbell ring and observed a man enter the motel and walk from the doorway area to the counter where he asked for a room. This man now stood approximately 2½ feet from Spies who turned from him to see what rooms were available. When Spies again faced the man, he saw a dark grey revolver in his left hand. Evidence adduced at trial depicted the lobby and registration area as being illuminated by four square lights. Four spotlights further illuminated the registration area. In the restroom Spies was again able to observe the robber through the mirror as he taped Spies' hands. The entire encounter lasted approximately 15 minutes, during which time Spies estimated he was able to observe the robber's face for approximately 10 minutes. On two separate occasions Spies found suspects not to be the robber. He picked defendant's photo from eight photographs of men with similar facial features. Furthermore, his testimony was corroborated by the policeman to whom Spies promptly reported the robbery and to whom he gave the description which led to defendant's identification and arrest.

The facts in this case differ significantly from those in *Gardner* where the single witness' identification testimony was inconsistent and defendant presented an unimpeached and corroborated alibi defense. We are of the opinion that the trier of fact was in the best position to observe the credibility of the witnesses and that the trial court had before it sufficient evidence to find defendant guilty beyond a reasonable doubt.

■■ Defendant also contends that the trial court erred in allowing the prosecutor's closing argument to unduly prejudice the jury against defendant. Specifically, he looks to the prosecutor's reference to the robber as a "professional" and a "stick-up artist" and to the prosecutor's reference to the evidence as uncontradicted and unrebutted. Closing

arguments which reflect unfavorably upon the accused have been held not to be improper if based upon evidence which is competent and pertinent to be decided by the jury. (*People v. Stephens* (1955), 6 Ill. 2d 257, 128 N.E.2d 731.) Furthermore, a reviewing court will not reverse a conviction where the evidence so clearly indicates a defendant's guilt that the improper argument could not have affected the outcome. *People v. Sleezer* (1956), 9 Ill. 2d 57, 136 N.E.2d 808; *People v. Booth* (1973), 11 Ill. App. 3d 203, 296 N.E.2d 369.

In the case before us evidence adduced at trial portrayed the robbery of a motel in early morning hours. The robber conducted himself in the fashion of one skilled in his trade. He calmly carried out his mission with the tools of his trade: an attache case, a revolver, and strong tape. The State then used the manner in which the robbery was carried out to characterize the robber as a "professional" and a "stick-up artist." The trial court properly sustained defendant's objection to this line of argument. On the one hand, we do not condone a manner of argument which may improperly allow the jury to draw an inference that a defendant was guilty of past crimes. On the other hand, we have examined the entire record and find this type of argument to have been properly prevented from coming to fruition. We are of the opinion that there was sufficient evidence in the record to prove defendant guilty beyond a reasonable doubt and that the outcome would not have been otherwise had the State not referred to the robber as a "professional" and a "stick-up artist."

■■ At numerous times during his closing argument, the prosecutor referred to the evidence as uncontradicted and/or unrebutted. Defendant asserts that such references amount to an improper comment on defendant's failure to testify. However, the record reveals no objections made by defense counsel when the prosecutor made these remarks. Such irregularities are deemed waived. (*People v. Dailey* (1972), 51 Ill. 2d 239, 282 N.E.2d 129.) While this court will consider prejudicial remarks made without objection when such remarks result in a denial of defendant's right to a fair trial, we, as did the supreme court in *Dailey*, do not find the facts in this case to fall within that rule.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

JOHNSON, P. J., and BURMAN, J., concur.