THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE POREE, a/k/a Charles Porce, Defendant-Appellant.

First District (5th Division) No. 81—160

Opinion filed November 18, 1983.

Steven Clark and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Garritt E. Howard, and Jane E. Liechty, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MEJDA delivered the opinion of the court:

Following a joint jury trial, Lawrence Poree, also known as Charles Porce (defendant), and three codefendants were found guilty of armed robbery stemming from the holdup of a gasoline service station. Each defendant was sentenced to an extended term of 60 years' imprisonment. Defendant Poree appeals from the judgment. We affirm.

The following issues are raised on appeal: (1) whether the trial court erred in refusing to grant Poree's motion for a mistrial; (2) whether Poree was denied a fair trial by introduction of evidence of his involvement in other criminal offenses; (3) whether the prosecutor's characterization of the evidence in closing argument constituted reversible error; and (4) whether the court erred in imposing an extended-term sentence.

The convictions of Leroy Sanford, James Lewis and Edward James, Poree's codefendants, were recently considered by this court in *People v. Sanford* (1983), 116 Ill. App. 3d 834, 452 N.E.2d 710. We adopt the statement of facts there presented and summarize the facts pertinent to this appeal as follows: On August 7, 1979, at 4:15 a.m., a Mercedes Benz containing four men entered the gas lane at the Concord Gas Station in Chicago. The men got out of the car, proceeded to rob the employees of the station, and demanded that an employee open the safe or be killed. One of the men wore a black stocking mask and carried what looked like a machine gun and was later viewed in a police lineup and identified as Poree. This man ordered a station employee to lie on the floor and not look at him or he would be shot. The masked man then took from the employee a money belt and coin changer, an additional $60 in cash and a check payable to Percy Powell. Defendants' vehicle was chased by police into an alley whereupon the occupants escaped on foot. The police conducted an organized search of the area during which Poree was apprehended. United States currency and a check made out to Percy Powell were found in his possession. The purported machine gun, actually a semi-automatic carbine, and two masks were found nearby. Poree furnished police with the names of our other people allegedly involved. Poree and codefendant Sanford gave statements to an assistant State's Attorney. Sanford named four other participants and recounted the planning and execution of the robbery and the ensuing events. Poree's statement was essentially the same. He had worn a nylon stocking mask and had carried the carbine which he hoped would appear to be a machine gun. The trial court instructed the jury to consider Poree's statement only against him and Sanford's statement only against him and not against any other defendant.

The following evidence also was adduced at trial. Reverend Mary Davis Brown testified that she saw Poree at the tavern owned by her daughter at 6 p.m. the evening before the robbery and that she believed he remained there all evening although she did not see him until approximately 4 the next morning in the apartment above the tavern, where he stayed until 5:30 or later. Other testimony placed Poree in the tavern on August 6, 1979, from 10:30 p.m. until 5:30 the next morning.

A further discussion of events which occurred at trial is necessary to our disposition of this appeal. Poree made no pretrial motion for severance. At trial, codefendant James, testifying on his own behalf, was questioned regarding his relationships with the other defendants whereupon counsel for Poree objected on grounds that such testimony

was antagonistic to Poree's defense and moved for a mistrial or, in the alternative, severance. Counsel for James then made an offer of proof concerning James' proposed defense: that Poree knew James was out of town at the time of the robbery and named him as an accomplice only to protect his real accomplices. The court denied Poree's motion for severance or mistrial but granted an *in limine* order barring James' testimony in this regard.

During examination, assistant State's Attorneys made reference to defendants' involvement in offenses other than the instant offense. In closing argument the prosecutor characterized the evidence against Poree as "uncontradicted, unrebutted and undenied" and referred to the defendants as "professionals" engaged in a "reign of terror." Defense counsel for James, in closing argument, theorized that James was on trial only because he had been named by Poree in order to protect Poree's real accomplices.

Defendants were found guilty of armed robbery and each was sentenced to an extended term of 60 years' imprisonment. Poree appeals.

OPINION

The first issue raised is whether the trial court erred in refusing to grant a mistrial. Poree contends, generally, that his case should have been severed from codefendant James' because James' defense was antagonistic to his own and further contends that the trial court erred in refusing to grant a mistrial because the closing statements of James' counsel caused him prejudice. We will address these contentions in turn.

■ The general rule is that defendants jointly indicted should be jointly tried; separate trials are only required where the defenses are "so antagonistic that a fair trial can be had only by severance" (*People v. Yonder* (1969), 44 Ill. 2d 376, 386, 256 N.E.2d 321, *cert. denied sub nom. Guido v. Illinois* (1970), 397 U.S. 975, 25 L. Ed. 2d 270, 90 S. Ct. 1094). (*People v. Murphy* (1981), 93 Ill. App. 3d 606, 417 N.E.2d 759.) The granting of a severance falls within the sound discretion of the trial court. (*Yonder.*) "Antagonistic defenses have been confined to those instances where one or more codefendants testify implicating the other." (*People v. Murphy* (1981), 93 Ill. App. 3d 606, 609, 417 N.E.2d 759.) In the instant case there was no showing of an antagonistic defense until James' offer of proof. At that time the court granted Poree's motion *in limine* and thereby barred James' testimony regarding an antagonistic defense. As there was no testimony regarding an antagonistic defense, there was, therefore, no prejudice as to Poree. Severance at that time was made unnecessary

to assure Poree a fair trial because of the granting of the motion *in limine* and the court, therefore, did not err in its refusal to then grant a severance.

Nonetheless, the court has a continuing duty at all stages of trial to grant severance if prejudice appears. (See *People v. Lee* (1981), 87 Ill. 2d 182, 429 N.E.2d 461.) Poree further complains that the closing arguments of James' counsel required that their cases be severed. However, we are unable to find that defendant Poree was prejudiced by the closing argument of James' counsel. The trial court's action in sustaining defendant's objections and instructing the jury to disregard the argument cured any prejudicial error which may have resulted. (*People v. Jodie* (1979), 79 Ill. App. 3d 348, 352, 398 N.E.2d 595.) Since Poree was not prejudiced, the court did not err in refusing to grant Poree a severance.

Poree next argues that the court erred in refusing to grant a mistrial following James' counsel's assertion during closing argument that James had been named as a participant in the robbery by one of the other defendants in an attempt to protect the actual participants in the robbery, thus inferring the guilt of Poree. "It is well settled in Illinois that even though every defendant is entitled to a trial that is free from improper comments or arguments that engender prejudice, his conviction will not be disturbed on review unless such remarks (1) constitute a material factor in his conviction, or (2) result in substantial prejudice to the accused." (*People v. Witted* (1979), 79 Ill. App. 3d 156, 165, 398 N.E.2d 68.) The trial court herein sustained Poree's objections to the remarks of James' counsel at closing argument, instructed the jury to disregard these comments and, in addition, instructed the jury that argument by counsel does not constitute evidence and that any argument not based on evidence should be disregarded. Furthermore, sufficient evidence was produced at trial to sustain defendant Poree's conviction. Poree was arrested in possession of proceeds from the robbery, he was identified as a perpetrator by an eyewitness and there was testimony that he had admitted participating in the crime. In view of the foregoing, we find that his codefendant's closing argument neither constituted a material factor in Poree's conviction nor resulted in substantial prejudice which would require a reversal herein.

Poree argues that the presentation of an antagonistic defense at closing argument increased the resultant prejudice as he was denied the right to cross-examine the "witness" against him. (See *People v. Lee* (1981), 87 Ill. 2d 182, 429 N.E.2d 461.) We find, however, that the trial court's action in sustaining the objection and instructing the jury

to disregard the remarks cured any prejudicial error which may have resulted. (*People v. Jodie* (1979), 79 Ill. App. 3d 348, 352, 398 N.E.2d 595.) A court of review will not reverse a conviction merely because error has been committed "unless it appears that real justice has been denied or that the verdict of the jury may have resulted from such error." (*People v. Tranowski* (1960), 20 Ill. 2d 11, 17, 169 N.E.2d 347, *cert. denied* (1960), 364 U.S. 923, 5 L. Ed. 2d 262, 81 S. Ct. 290.) In view of the strength of the prosecution's case, we are satisfied that the verdict of the jury would have been no different had the objectionable comments not been made. We are unable to find, therefore, that the court committed reversible error in denying defendant's motion for mistrial.

■ The next issue raised is whether Poree was denied a fair trial by introduction of evidence of his involvement in other criminal offenses. Specifically, Poree first contends that he was prejudiced by the following testimony of two assistant State's Attorneys. During cross-examination by a defense attorney, Assistant State's Attorney James Linn was asked if Poree had ever refused to answer any of his questions. Linn responded that "he did refuse to answer one question, but it was *not related to this case.*" Assistant State's Attorney Lawrence Terrell later testified that James "went on to tell me some things about an—*unrelated cases*," that another assistant State's Attorney "had a special interest in these defendants," and that defendants James and Lewis spoke about "a *group* which they belonged to." (Emphasis added.)

As a general rule evidence which shows that an accused has committed crimes or acts of misconduct which are distinct and entirely unrelated to the crimes charged is both incompetent and prejudicial. (*People v. Curry* (1975), 25 Ill. App. 3d 637, 323 N.E.2d 778.) However, where the evidence of prior criminality is not direct, but merely inferential, the issue is the probative and prejudicial effect of the nexus between the admitted and prior criminality. (*People v. Sanford* (1983), 116 Ill. App. 3d 834, 452 N.E.2d 710; *People v. Banks* (1981), 98 Ill. App. 3d 556, 424 N.E.2d 898; *People v. Allen* (1981), 96 Ill. App. 3d 871, 422 N.E.2d 100.) In the instant case there was no evidence before the jury that Poree had been arrested or charged with any crime other than the one for which he was being tried. There was, at most, inferential reference to "unrelated" crimes, which references provided no details as to the type of criminal activity or offense involved or what involvement defendant had with the commission of such offenses. In our opinion these references were not substantially prejudicial   as to constitute error requiring reversal.

Furthermore, in view of the evidence against Poree, the sufficiency of which he does not contest, we cannot conclude that the testimony influenced the verdict as to Poree or that such verdict would have been otherwise had the testimony not been given.

■ Poree next contends that the prosecutor made certain remarks which were improper. The prosecutor in closing argument referred to defendants as "professionals" engaged in a "reign of terror." Reversible error occurs where remarks by the prosecutor are likely to result in prejudice to defendant unless the court's action is sufficient to overcome the prejudicial effect of the remark. (*People v. Jarosiewicz* (1977), 55 Ill. App. 3d 1057, 1063, 371 N.E.2d 949.) In the instant case the trial court sustained objections to the prosecutor's remarks and promptly instructed the jury to disregard the word "professionals." Thus, any prejudicial effect from the remarks was cured. Furthermore, prosecutor's references to defendants as "professionals" have been deemed nonprejudicial. (See *People v. Gillarm* (1976), 41 Ill. App. 3d 174, 353 N.E.2d 280.) A prosecutor may comment unfavorably on the defendant and the violence of the crime and its evil results, when supported by the evidence. Even when such comments are considered to be error, reversal is not required if the evidence so clearly indicates the defendant's guilt that the verdict would not have been otherwise had the improper remarks not been made. (*People v. Jackson* (1981), 84 Ill. 2d 350, 360, 418 N.E.2d 739.) In the case at bar the evidence showed that Poree was a participant in the robbery of a gas station, pursuant to a plan. Poree wore a mask and carried a semi-automatic carbine which he hoped would be mistaken for a machine gun. The prosecutor's comments were, therefore, supported by the evidence. Moreover, even if the references to "professionals" and "terror" are considered to be error, we believe that the evidence established defendant Poree's guilt beyond a reasonable doubt and that the verdict as to Poree would not have been otherwise had the remarks not been made.

■ The next issue is whether the prosecutor's characterization of the State's evidence constituted reversible error. Poree contends that the prosecutor's characterization of the State's evidence was a comment on his failure to testify and thus reversible error. (*Griffin v. California* (1965), 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229.) In closing argument the prosecutor twice stated that the testimony concerning Poree's confession was "uncontradicted, unrebutted and undenied" and that the evidence that Poree was apprehended with proceeds of the robbery in his pocket was "not contradicted, and it is not rebutted and it is not denied."

A prosecutor may comment that the State's case is uncontradicted even when the only person who might have contradicted it was the defendant. (*People v. Mills* (1968), 40 Ill. 2d 4, 237 N.E.2d 697.) The State may not, however, argue in a manner intended or calculated to direct the jury's attention to the defendant's failure to testify. (*People v. Burton* (1969), 44 Ill. 2d 53, 56, 254 N.E.2d 527.) "Repetition is not necessarily fatal. (*People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283 ('uncontradicted' used seven times).) But an argument whose thrust is the defendant's nonappearance rather than the strength of the State's case is error." (*People v. Escobar* (1979), 77 Ill. App. 3d 169, 178, 395 N.E.2d 1028.) On the evidence here presented we do not believe the State was attempting to draw the jury's attention to the fact that defendant Poree did not testify. Rather, the comments summarized the evidence and permissibly emphasized the strength of the State's case: the evidence of Poree's confession and his possession of proceeds of the robbery. See *People v. Harrison* (1982), 106 Ill. App. 3d 341, 435 N.E.2d 1211; *People v. Vinson* (1978), 61 Ill. App. 3d 684, 378 N.E.2d 348.

Poree next argues that the State's comment did not accurately summarize the evidence in that the evidence of his confession was contradicted and rebutted by a showing that he made no written statement and a claimed insufficiency regarding the State's memorandum of his confession. Poree also asserts that the evidence that he was apprehended with a check made payable to "Percy Powell," a proceed of the robbery, in his possession was contradicted by introduction of a police report which stated that the check was recovered from "M. Powell."

Where the State's case is not in fact unchallenged, the suggestion that it is unchallenged is not an "accurate summary of the evidence" (*People v. Hopkins* (1972), 52 Ill. 2d 1, 6, 284 N.E.2d 283). (*People v. Escobar* (1979), 77 Ill. App. 3d 169, 178, 395 N.E.2d 1028.) Here, however, there was no evidence of Poree's denial of his confession and the prosecutor's comment, therefore, accurately summarized the evidence. (See *People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283.) Similarly, the police officer's testimony that the check was recovered from Poree and the evidence that it was a proceed of the robbery were not refuted by the police report. We are unable to find that the prosecutor's comments were other than an accurate summary of the evidence and we, therefore, reject Poree's claim of error. Moreover, defense counsel failed to object to two of the comments now asserted as error. We hold that failure to object serves as a waiver of objection on appeal as to those comments to which there was no objection. (*Peo-

*ple v. Hanson* (1972), 53 Ill. 2d 79, 289 N.E.2d 611, *cert. denied* (1973), 411 U.S. 937, 36 L. Ed. 2d 398, 93 S. Ct. 1916; *People v. Harrison* (1982), 106 Ill. App. 3d 341, 435 N.E.2d 1211.) In addition, defendant did not raise these allegations in his motion for a new trial. Contentions not cited as the basis for a motion for new trial are not preserved for appeal. (*People v. Edwards* (1978), 74 Ill. 2d 1, 4, 383 N.E.2d 944, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862.) We hold, therefore, that the issue was not preserved for review.

■ The final issue is whether the trial court erred in imposing an extended-term sentence of 60 years' imprisonment. An extended-term sentence may be imposed:

"(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts; or

(2) When a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b).

Poree argues, first, that he was not eligible for an extended-term sentence since his prior convictions were for offenses which were not classified as Class X offenses at the time of the prior convictions. In *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374, the court considered the same argument made here and held a defendant convicted of armed robbery in 1978 eligible for an extended-term sentence based upon a 1972 armed robbery conviction even though armed robbery was classified as a Class 1 felony in 1972. *Butler* did not focus on the legislative alteration of the classification of the crime of armed robbery, but rather on the fact of the defendant's prior conviction for the *same offense* and held that the two convictions were for "the same or greater class offense." We adopt the reasoning of the *Butler* court that "[f]or appellant to argue that an individual convicted in 1972 of armed robbery can now defy both the legislature and the courts by arguing that he really committed a different crime, because the classification names were distinctive, and that he should not be treated as a repeat offender for purposes of sentencing, simply because the sentences for the same crime differed at two relative points in time, is patently absurd as form over substance and contrary to the wording and intent of the legislature." *People v. Butler* (1979), 78 Ill. App. 3d 809, 816.

Poree also contends that an amendment to the habitual criminal act which limits the application of that act to persons "twice convicted *** of an offense that contains the same elements as an offense now classified *** as a Class X felony or murder, and is thereafter convicted of a Class X felony or murder, committed after the 2 prior convictions ***" (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1(a)) evidences the legislature's intent that one convicted of a Class X offense is not subject to an extended-term sentence unless the offenses for which he had been convicted in the past were classified as Class X offenses at the time of the prior convictions. Poree argues that the legislature would have similarly amended the statute here at issue if it had intended to qualify persons convicted of a Class X offense for an extended term because of prior convictions which would have been Class X offenses had they occurred after enactment of the Class X provisions of the Criminal Code.

We find such contention without merit. The *Butler* court correctly noted that "where the legislature deemed it proper to impose limitations on sentencing, it explicitly did so." (*People v. Butler* (1979), 78 Ill. App. 3d 809, 816, 396 N.E.2d 1374; see, *e.g.*, Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3(c)(6) and 33B—1.) We decline to here adopt a limitation on the imposition of extended-term sentences not provided for by the legislature.

■ Poree next argues that he was not eligible for an extended-term sentence based on his prior convictions since his prior convictions resulted from guilty pleas. "Conviction" is defined as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty ***." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—1—5.) Under the plain meaning of the statute Poree has had prior "convictions," albeit by sentence upon guilty pleas, and such convictions render him eligible for an extended-term sentence. (*People v. Eddington* (1983), 117 Ill. App. 3d 953; *People v. Baker* (1983), 114 Ill. App. 3d 803, 448 N.E.2d 631.) We therefore find this argument without merit.

■ Finally, Poree argues that he did not engage in any exceptionally brutal or heinous behavior indicative of wanton cruelty as a participant in the robbery. In imposing the extended-term sentence the trial court here expressly relied upon Poree's convictions within the last 10 years for felonies of the same or greater class and upon its finding that the defendant's offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. Sentencing decisions are matters of judicial discretion and must be accorded great deference and weight. (*People v. Willingham* (1982), 89 Ill. 2d

352, 364, 432 N.E.2d 861.) Absent an abuse of that discretion a reviewing court may not reduce the sentence imposed as long as it is within statutory limits. See *People v. Gallardo* (1983), 112 Ill. App. 3d 764, 445 N.E.2d 1213.

The instant record supports the trial court's finding that Poree was within the last 10 years convicted of a felony of the same or greater class as the instant conviction. Accordingly, the imposition of an extended-term sentence was proper under the statute, regardless of whether the court erred in characterizing his conduct as "brutal or heinous." Therefore, we are unable to find that the court abused its discretion in imposing an extended-term sentence.

For all the foregoing reasons, the judgment is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.