THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DARNELL JACKSON *et al.*, Defendants-Appellants.
First District (2nd Division)   No. 84—2943

Opinion filed November 25, 1986.

Jeffrey A. Kripton, of Jeffrey A. Kripton, Ltd., of Chicago, for appellant Ranato Jackson.

Steven Clark and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant Darnell Jackson.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Christopher J. Cummings, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

After a jury trial, defendants, Darnell Jackson and his brother, Ranato Jackson, were convicted of armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a)), and sentenced to terms of 15 years' imprisonment and 12 years' imprisonment, respectively. The principal error assigned is the trial court's refusal to grant their motions for a severance.

On May 2, 1984, at approximately 12:30 a.m., Willie Jackson, no relation to either defendant, went to a grocery store at the corner of Monroe and Pulaski in Chicago. Jackson saw his friend, Marcia Topcat, a/k/a Marcia Miller, talking on the telephone outside the store. When he stopped to talk to her, he saw a gray Lincoln Continental drive by and park about 10 feet away in a relatively well-lighted area. Jackson testified that he saw two black males inside the car. He later identified them as Darnell Jackson, the driver, and Ranato Jackson, the passenger.

When Marcia finished her phone conversation, Jackson walked her

across the street to her home. They stood in front of the doorway to Marcia's home. The defendants got out of the car, walked past Marcia and Jackson, and then stopped. Jackson testified that Darnell Jackson, while holding a gun, said: "This is a stick up, drop everything in your pockets and if I find you are holding something back you are going to regret it."

Jackson removed the contents of his pockets, which consisted of some keys, change, a wallet, and a small knife concealed in a "pouch." Ranato Jackson picked up the items that Jackson had dropped. Darnell Jackson wanted Jackson's jacket, but when Jackson began to remove his jacket, Ranato Jackson grabbed it and started to take it off. Darnell Jackson then went over to Marcia and searched her. When Marcia handed her jacket over to Darnell, Darnell bent over and dropped a watch. Darnell stood up, handed Marcia the watch and her jacket, and said something like "Merry Christmas."

Jackson saw the defendants back towards the car, throw the items into the back seat and drive away. While watching the car, Jackson ran across the street and phoned the police. Jackson observed the Lincoln pull up to the next block and stop when a third man approached the passenger side of the car. While Jackson was on the phone with the police, a squad car drove by. Jackson went into the street and flagged the officers down. He told them that "[t]wo guys stuck me up. They just stuck me up. They are in the gray Lincoln Continental. The driver got a gun." The squad car took off after the Continental.

Testimony at the trial revealed that Officers Augustine and Morawski were in the squad car that Jackson flagged down. They could see the Lincoln about 1½ blocks away. The officers followed the Lincoln for about four blocks, stopped the car, and ordered the occupants to get out. Darnell Jackson was driving, his brother Ranato was in the front seat, and the third man, Leonard Meeks, was in the back seat.

Jackson was taken to where the Lincoln had been stopped and identified Darnell Jackson as one of the robbers. Later, at the police station, Jackson identified the gun, his wallet, jacket, and knife. The police recovered the gun and knife from Darnell Jackson. The other items were recovered from the back seat of the car.

At the police station, Jackson identified Darnell and Ranato Jackson as the robbers and advised the officers that Leonard Meeks was not involved in the incident. Later that day, both Darnell and Ranato Jackson gave oral statements to the police.

Defendants were charged by information with armed robbery.

Prior to trial, written motions requesting a severance were filed by each defendant. After examining the motions and the statements of the defendants, as well as hearing arguments of counsel, the trial court denied the motions based on its determination that if antagonistic defenses surfaced during the trial, the court could grant a severance at that time. At trial both defendants renewed their motions at various times, but severance was denied. Ranato Jackson testified on his own behalf. Darnell Jackson did not testify. The jury returned guilty verdicts.

I

■ The general rule is that defendants jointly indicted are to be tried jointly unless fairness to one of the defendants requires a separate trial to avoid prejudice. (*People v. Daugherty* (1984), 102 Ill. 2d 533, 541, 468 N.E.2d 969.) There are two common forms of prejudice that warrant severance. The first occurs when a codefendant makes hearsay admissions that implicate the defendant. The second type of prejudice occurs when the defenses are so antagonistic that a severance is imperative to assure a fair trial. 102 Ill. 2d 533, 541-42, 468 N.E.2d 969.

Each defendant made an oral statement to the police after his arrest. Darnell Jackson said that the victim owed some money to his brother, Ranato Jackson, and that Ranato took the victim's wallet at gunpoint. However, Ranato Jackson said that he never saw the victim and did not know anything about a robbery because he was in a tavern when the crime occurred. He implied that Darnell Jackson and Leonard Meeks committed the crime.

The defense contended that when the conflicting statements were read in conjunction with the discovery answers asserting different defenses, it was apparent that the defense evidence for Darnell would conflict with the defense evidence for Ranato. This would result in each defendant acting as an additional prosecutor against his codefendant.

■ The first type of prejudice was temporarily abated when the trial court relied on the State's agreement not to use the statements of the defendants. The court then denied the pretrial motion for severance with the understanding that the motion would be reconsidered if antagonistic defenses surfaced at the trial. There is a continuing duty to grant a severance if prejudice appears during the trial. *People v. Poree* (1983), 119 Ill. App. 3d 590, 595, 456 N.E.2d 950, *appeal denied* (1983), 96 Ill. 2d 570.

■ The State argues that the defense of Ranato was not antago-

nistic to Darnell because Ranato did not explicitly accuse Darnell of committing the offense. The test of whether a severance is necessary is not whether the codefendant explicitly names the defendant directly, but whether the incriminating implications of the codefendant's statements, viewed in the context of the State's other evidence, clearly point toward the defendant's guilt or readily lead to an incriminating conclusion against the defendant. *People v. McVay* (1981), 98 Ill. App. 3d 708, 424 N.E.2d 922; *People v. Trass* (1985), 136 Ill. App. 3d 455, 483 N.E.2d 567.

In this case, the defense advanced by Ranato Jackson clearly pointed at Darnell Jackson and a third party, Leonard Meeks, as the perpetrators of the offense, even though Ranato himself never explicitly used Darnell's name. After calling the court's attention to antagonistic defenses prior to trial, the antagonism was manifested in the opening statement by Ranato Jackson's attorney, who contrasted the absence of any evidence found on Ranato's person with the fact that Darnell supposedly was found with a revolver and a folding knife on him. The cross-examination by Ranato's attorney also implied culpability on Darnell's part. When Ranato took the stand, he testified that he left the car and was in a tavern during the time that, according to the State's witnesses, the offense had occurred, clearly implying that the offense was committed during his absence by Darnell Jackson and the other man he left in the car, Leonard Meeks. He also testified that the stolen jacket recovered from the back seat of the car was not in the car when he went into the tavern. The clear implication of Ranato's testimony then became explicit when his attorney argued in closing argument that Ranato was "not his brother's [Darnell's] keeper. He is not responsible for his actions. So don't judge him as you would Darnell."

■ Even though the State agrees not to use the codefendants' statements, severance is still required if the defenses are antagonistic. (*People v. Bean* (1985), 109 Ill. 2d 80, 485 N.E.2d 349; *People v. Daugherty* (1984), 102 Ill. 2d 533, 468 N.E.2d 969; *People v. Fort* (1986), 147 Ill. App. 3d 14.) The defense of Ranato Jackson was clearly antagonistic to Darnell Jackson. A severance should have been granted.

## II
Having decided that a severance should have been granted and that separate new trials are required, we only need to address the question of the sufficiency of the evidence adduced at the trial to sustain the convictions.

6

■ Pursuant to the requirement of *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, we believe that the evidence at trial was sufficient for the trier of fact to conclude that the defendants were guilty beyond a reasonable doubt. This does not mean we are making a finding as to the defendants' guilt or innocence which would be binding on retrial, but rather our consideration of the sufficiency of the evidence admitted at trial will remove the risk of subjecting the defendants to double jeopardy.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and this cause is remanded for new trials.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.