THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH BOND, Defendant-Appellant.

First District (6th Division)   No. 1—86—3110

Opinion filed June 26, 1992.

Rita A. Fry, Public Defender, and Mary Ellen Dienes, both of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Barbara Jones, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Following a joint jury trial, defendant, Keith Bond, was found guilty of murder and attempted armed robbery, and sentenced to

serve concurrent terms of 30 and 25 years' imprisonment, respectively. As set forth in the companion case, *People v. Sevier* (1992), 230 Ill. App. 3d 1071, Bond was charged with the shooting death of William Young on December 24, 1984. This court has reversed and remanded for a new trial the convictions of codefendants Edward Sevier and Sylterrell Brown for their participation in this offense.

On appeal, defendant alleges reversible error on the following issues: (1) defendant's motion for severance should have been granted in light of the antagonistic defenses advanced by the codefendants; (2) defendant was not proved guilty beyond a reasonable doubt; (3) the trial court failed to grant defendant's motion to quash arrest and suppress evidence; (4) defendant's convictions for murder and attempted armed robbery are legally inconsistent with his acquittal of armed violence; (5) the State exercised its peremptory challenges in a racially discriminatory manner; (6) defendant was prejudiced at trial by the introduction of hearsay testimony; (7) the trial court refused to tender defendant's proffered jury instruction; and (8) the judge's imposition of sentence was excessive.

In view of our recitation of facts in the companion case, we shall set forth only the facts necessary to our analysis of the issues in this case.

We consider first defendant's contention that the trial court's failure to grant his motion for severance in light of the antagonistic defenses advanced by the three codefendants constitutes reversible error. Defendant argues that Brown's statement implicated him as an active participant, and that the trial court failed to correct the potential for error present in this situation by redacting the statements of the codefendants. Bond did not testify.

■ A defendant who believes that he will suffer prejudice as a result of the joinder of his case with that of a codefendant may request severance by pretrial motion. (Ill. Rev. Stat. 1983, ch. 38, par. 114—8.) A defendant does not have an automatic right in Illinois to be tried separately from his codefendants simply because they were all charged in the same indictment for crimes arising from the same circumstances. (*People v. Bean* (1985), 109 Ill. 2d 80, 485 N.E.2d 349, citing *People v. Ruiz* (1982), 94 Ill. 2d 245, 447 N.E.2d 148.) " 'The general rule is that defendants jointly indicted are to be jointly tried *unless fairness to one of the defendants* requires a separate trial to avoid prejudice.' " (Emphasis added.) (*People v. Daugherty* (1984), 102 Ill. 2d 533, 541, 468 N.E.2d 969, quoting *People v. Lee* (1981), 87 Ill. 2d 182, 187, 429 N.E.2d 461.) Actual hostility between the two de-

fenses is required. *People v. Daugherty*, 102 Ill. 2d 533, 468 N.E.2d 969; *People v. Lee*, 87 Ill. 2d 182, 429 N.E.2d 461.

■ There are two independent sources of potential prejudice which are likely to require that jointly indicted defendants should be separately tried. (*People v. Bean*, 109 Ill. 2d 80, 485 N.E.2d 349.) The first problem concerns interference with the constitutionally guaranteed right to confrontation (see *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620) which arose against Brown and Sevier when Bond did not testify at trial and his statements were admitted into evidence.

The second problem addresses the issue of antagonistic defenses, which arises when codefendants' defenses are so antagonistic to each other that one of the codefendants cannot receive a fair trial jointly with the others, thereby requiring severance. (*People v. Bean*, 109 Ill. 2d 80, 485 N.E.2d 349; *People v. Daugherty*, 102 Ill. 2d 553, 468 N.E.2d 969; *People v. Gendron* (1968), 41 Ill. 2d 351, 243 N.E.2d 208.) The seminal case in this jurisdiction which focused upon this issue occurred in *People v. Braune* (1936), 363 Ill. 551, 555, 2 N.E.2d 839, where each defendant "was protesting his innocence and condemning the other" by attempting to discredit the witnesses of his codefendant. Our supreme court concluded:

> "The trial was in many respects more of a contest between the defendants than between the People and the defendants. It produced a spectacle where the People frequently stood by and witnessed a combat in which the defendants attempted to destroy each other." *People v. Braune*, 363 Ill. at 557, 2 N.E.2d at 842.

In ruling on a motion for severance, the trial judge must make a prediction about the likelihood of prejudice at trial, taking into account the papers presented, the arguments of counsel, and any other knowledge of the case developed from the proceedings. (*People v. Daugherty*, 102 Ill. 2d 533, 468 N.E.2d 929; *People v. McMullen* (1980), 88 Ill. App. 3d 611, 410 N.E.2d 1174.) The trial court's decision will not be reversed absent an abuse of discretion. *People v. Canaday* (1971), 49 Ill. 2d 416, 275 N.E.2d 356.

■ In the present case, the trial judge abused his discretion in refusing to grant defendant's request for severance based upon the antagonistic defenses among the codefendants. At the motion for severance, Bond cautioned the trial court that his defense may be to cast blame for this offense upon Brown and that he might help the State. As such, Brown is put into the position of having to defend himself against another defendant, who will try to exonerate himself by blam-

ing the person who did the shooting. We also note that discrepancies existed among the statements as to which codefendants carried guns and the number of shots fired.

The potential for prejudice was exacerbated at trial when Sevier and Brown testified that Adolph Powell fired the shot that killed the deceased. Brown also testified that neither he nor Sevier planned to rob, and that they did not carry guns. The trial court has a continuing duty at all stages of trial to grant severance if prejudice appears. (*People v. Poree* (1983), 119 Ill. App. 3d 590, 456 N.E.2d 950; *People v. Lee*, 82 Ill. 2d 182, 429 N.E.2d 461.) In this case, defendant continually sought a mistrial on the basis that codefendants were developing an antagonistic defense. We find that the judge erred in permitting the trial to continue in the presence of such apparent conflict among the codefendants. We therefore reverse defendant's conviction on this issue and remand for a new trial separate from Brown and Sevier.

Although we have remanded this cause for a new trial based upon the trial court's failure to grant the motion for severance, defendant also raises several other issues. We shall consider only those issues which we believe we must.

Defendant contends that the State failed to prove him guilty beyond a reasonable doubt. Defendant argues that the State failed to prove that he was accountable for the murder of the deceased pursuant to section 5—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 5—2), because he withdrew from the criminal enterprise before the victim was shot. Defendant argues that his own statements, standing alone, are insufficient to establish his accountability for the shooting of the deceased by Brown. Ronald Boston, the newsstand attendant who sold the deceased a newspaper moments before his death, picked defendant out of a lineup; however, he testified that he was sure that defendant was not one of the two men to whom he had sold a newspaper on the morning of the deceased's murder.

In order for a conviction founded on a confession to be upheld, the confession must be corroborated by some evidence, exclusive of the confession, tending to show that a crime did occur and that the defendant committed it. (*People v. Neal* (1985), 111 Ill. 2d 180, 489 N.E.2d 845; see also *People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861.) Upon review of the record, we find that sufficient corroborating evidence exists. The deceased's widow, L.A. Young, testified that the deceased always carried his wallet in his back pocket. The deceased purchased a paper from the newsstand around 6 a.m. and began walking in a westward direction on 71st St. Moments after the deceased walked away, two men approached the newsstand and

bought a newspaper. Seconds later, shots rang out and the deceased was found lying in the street. A small, single-shot pistol was found underneath the deceased's body.

We find that this evidence is consistent with the detailed confession of defendant. Accordingly, we find that the record does establish the *corpus delicti* independent of the confession, in corroboration of defendant's statement that the three codefendants attempted an armed robbery which resulted in the eventual death of the deceased.

■ Defendant also contends that the court erred in denying his motion to quash arrest and suppress evidence.

Probable cause to arrest exists where the facts and circumstances known to the arresting officer are sufficient to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested has committed the offense. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766; *People v. Williams* (1985), 137 Ill. App. 3d 736, 484 N.E.2d 1191.) Evidence sufficient to convict is not required to support a finding of probable cause. (*People v. Lippert* (1982), 89 Ill. 2d 171, 432 N.E.2d 605.) On review, the trial court's finding of probable cause will not be disturbed unless manifestly erroneous. *People v. Borges* (1980), 88 Ill. App. 3d 912, 410 N.E.2d 1076.

At trial, testimony was adduced that Adolph Powell, another suspect in the murder investigation, told police that Sevier, Brown and defendant were involved in the murder of the deceased. Powell led the police to Sevier's apartment. After Sevier was arrested, he implicated Brown and defendant in connection with the murder. Sevier took the police to defendant's apartment, where he was arrested. In view of the fact that both Powell and Sevier named defendant as a participant in the offense, we find that sufficient probable cause existed to support defendant's arrest.

We turn now to defendant's assertion that his arrest was unlawful because the police arrested him inside his home without first obtaining an arrest warrant, and that no exigent circumstances existed to excuse their failure to procure a warrant. In *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371, our Supreme Court determined that the police may not, absent exigent circumstances, enter a "suspect's home" to arrest the suspect without a warrant for the suspect's arrest and reason to believe the suspect is within. As an exception to this well-established rule, voluntary consent to enter will justify a warrantless at-home arrest even in the absence of exigent circumstances. *People v. White* (1987), 117 Ill. 2d 194, 512 N.E.2d 677.

Defendant and members of his family, including his mother, testified that at approximately 8 a.m. on February 19, 1985, while defendant was in bed, two police officers pushed into the apartment without permission and made a warrantless arrest.

Office Brian Regan testified that, along with Glyn and Garrity, he went to defendant's apartment and knocked on the door. Defendant's brother invited the officers to enter and speak with defendant's mother. The officers told the mother that they wished to question defendant about a shooting. Defendant's mother directed the officers to the back bedroom where defendant was asleep. The officers asked defendant to get dressed and accompany them to the police station. Regan denied forcing the apartment door open or that the officers entered with guns drawn. Glyn and Garrity corroborated Regan's testimony.

The trial court must determine the credibility of the witnesses and the weight to be given their testimony when ruling on a motion to quash arrest and suppress evidence. (*People v. Chambers* (1990), 200 Ill. App. 3d 538, 558 N.E.2d 274.) The decision of a trial court on defendant's motion to quash arrest and suppress evidence will not be disturbed by a reviewing court unless that finding is determined to be clearly erroneous. *People v. Foskey* (1990), 136 Ill. 2d 66, 554 N.E.2d 192.

In this case, it was the function of the trial court to assess the credibility of defendant's account that the police forcibly entered his family's apartment without consent. Similarly, the trial judge was also in the best position to assess the credibility of the family members who testified in defendant's behalf. In opposition, the police officers testified that defendant's brother did in fact open the door and admit them into the apartment. While defendant seeks to attach great significance to the trial judge's statement that "the police did not have sufficient evidence to obtain a warrant," we find ample evidence in the record to support the State's position that entry into defendant's home was consensual.

In view of our finding that defendant was not illegally arrested, defendant's motion to suppress statements made subsequent to his arrest was properly denied.

■ We turn now to defendant's claim that his convictions for murder and attempted armed robbery are legally inconsistent with his acquittal of armed violence. Similar to the argument advanced by codefendant Sevier, defendant relies upon *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233, and maintains that because the jury returned a verdict of not guilty on the armed violence offense, he could

not be held accountable for murder. As stated in our discussion of this issue in the companion case, the facts in this case are distinguishable from those in *Frias*. The finding of not guilty of armed violence based on murder is not a finding that the defendant did not commit murder. Instead, it may be construed as an expression of lenity, and does not render the verdicts legally inconsistent. *People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for a new trial in accordance with our directions.

Reversed and remanded with directions.

LaPORTA and RAKOWSKI, JJ., concur.